IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARL STEWART,

    Petitioner,                           No. 2:12-cv-2990 DAD P

    vs.

GARY SWARTHOUT,                   ORDER AND

    Respondent.                  FINDINGS AND RECOMMENDATIONS

/

       Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

       Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. <u>See</u> 28 U.S.C. § 1915(a).

       Petitioner challenges a 2009 decision of the California Board of Parole hearings to deny him a parole date. He claims that the parole denial constituted double jeopardy in violation of the United States Constitution because it was based on a prison disciplinary conviction for possession of a cell phone and for which he had already been assessed thirty days loss of good time credits.

1

       Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 ("Habeas Rules") authorizes a judge to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." The double jeopardy clause is not violated by use of petitioner's disciplinary conviction to deny him parole. See United States v. Brown, 59 F.3d 102, 104 (9th Cir. 1995) (prison disciplinary sanctions do not preclude criminal prosecution for conduct underlying disciplinary conviction); see also Ramirez v. Clark, 2009 WL 2905728, at *4 (E.D. Cal. Sept. 4, 2009) ("[C]learly established Supreme Court law holds that double jeopardy protection is not triggered in a review of parole decisions[.]") It is plain that petitioner is not entitled to federal habeas relief on this claim. The petition should therefore be summarily dismissed.

       Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or a deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b). For the reasons set forth in these findings and recommendations, petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, no certificate of appealability should issue.

       In accordance with the above, IT IS HEREBY ORDERED that:

       1. Petitioner's January 18, 2013 motion to proceed in forma pauperis (ECF No. 4) is granted;

       2. The Clerk of the Court is directed to randomly assign this action to a United States District Judge;

/////

IT IS HEREBY RECOMMENDED that:

    1. Petitioner's application for a writ of habeas corpus be summarily dismissed; and

    2. The district court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 19, 2013.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:12
stew12cv2990.156

3